## Schmohl's Administratrix v. Lincoln Council

*J. Boyd Landis*, for plaintiff.

*John D. Faller, Jr.,* for Charles T. Schmohl.

*William F. Martson,* for defendant.

SHUGHART, P. J., March 22, 1954.—Marian James, administratrix of the estate of Anna T. Schmohl, instituted the above action in assumpsit against defendant, Lincoln Council No. 117 of the Sons and Daughters of Liberty, to recover a funeral benefit, in the amount of $200, due on account of the death of Anna T. Schmohl. Defendant interpleaded Charles Schmohl, husband of decedent, who also claimed the funeral benefit. Subsequently, by leave of court, defendant paid the sum into court and was discharged from further liability.

Thereafter, pursuant to the provisions of the Act of June 16, 1836, P. L. 715, as amended, 5 PS §30 et seq., and appropriate local rules of court, arbitrators were appointed to hear the controversy between the two claimants to the fund paid into court. On January 20, 1954, the arbitrators awarded the balance of the fund, after payment of costs, to the administratrix of the estate.

On February 11, 1954, counsel for Charles Schmohl filed a præcipe with the prothonotary, directing him to

issue a rule to show cause why the award of the arbitrators should not be vacated and set aside. Issuance of the rule was waived and service of the copy accepted by counsel for the administratrix. The matter has been argued before the court en banc and is now ripe for decision.

Counsel has filed no written reason in support of the rule to vacate and set aside the award, nor has any written brief been filed with the court. Counsel stated at oral argument that the award of the arbitrators could not stand because, under the bylaws of defendant association set forth in the complaint of the administratrix, payment of the fund to her was not authorized.

In short, counsel contends that the arbitrators erred in their interpretation of the bylaws and, in effect, asks that judgment now be entered notwithstanding their award. No authority for the procedure employed has been cited nor has our own research revealed any. Section 4 of the Arbitration Act, supra (5 PS §71), provides for an appeal from the award of the arbitrators. Appeal practice in this court is further regulated by local rules of court 39, 40, 41.

The relief sought here was available to Charles Schmohl on appeal from the award. That is the only procedure provided by the statute for the correction of errors such as here alleged, and it must be followed.

The local rules provide for an appeal within 20 days after the award. The filing of the præcipe not only came too late to be considered as an appeal, but there has been a failure to comply with other prerequisites for an appeal relative to payment of costs. The filing of the præcipe, therefore, cannot be considered as an appeal.

And now, March 22, 1954, at 11 a.m. (Eastern Standard Time), the rule to show cause why the award of the arbitrators should not be stricken is vacated, be and is hereby discharged.